UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA
                    Plaintiff,

        v.

GOLD, SCOLLAR, MOSHAN, PLLC; MICHAEL
J. MOSHAN; ALLISON SCOLLAR;
KATHERINE KOKKOSIS and ROBERT B.
GOLD

                Defendants.
------------------------------------------------------------------

Case No. 14 CV 10106

**DECLARATION OF
BETH A. CASTELLANI**

Pursuant to 28 U.S.C. §1746, Beth A. Castellani declares as follows:

1.     I am over 18 years of age, I have personal knowledge of the matters set forth in this Declaration, and I am competent to testify to such matters. If I were called as a witness in this action, my testimony would be as set forth in this Declaration.

2.     I am currently employed by The Travelers Indemnity Company as an Account Executive Officer and held this position in December 2013. My responsibilities in this position include the underwriting of lawyers professional insurance policies issued by Travelers Casualty and Surety Company of America ("Travelers").

3.     In accordance with Travelers' underwriting procedures, an applicant for insurance submits an insurance application to the underwriters at Travelers, who make the determination as to whether to issue a quote and a Travelers policy to that insurance applicant.

4.    A "quote" for professional liability insurance is an offer of terms for coverage, which an insurance applicant can accept or reject.  After the applicant accepts the quote, an insurance policy can be issued, containing the terms listed in the quote.

5.    My responsibilities as an underwriter include the review of information that an insurance applicant provides when applying for insurance coverage, evaluating the risk involved in issuing coverage to an insured, formulating quotes for insurance coverage, and authorizing the issuance of insurance policies.

6.    Travelers issued a Lawyers Professional Liability Policy No. 105881577 to Gold, Scollar, Moshan, PLLC (the "Firm"), with a policy period of January 1, 2014 to January 1, 2015 (the "Policy"), a true and correct copy of which is attached to this Declaration as **Exhibit A**.  I was the underwriter at Travelers responsible for quoting the Policy.

7.    The premium paid for the Policy was $10,110.00.

8.    Travelers quoted and issued the Policy on the basis of a Travelers Lawyers Professional Liability Insurance Application dated December 2, 2013 (the "Policy Application") signed by Michael Moshan and submitted to Travelers on behalf of the Firm, a true and correct copy of which is attached to this Declaration as **Exhibit B**.  I reviewed the Policy Application when the Firm submitted the Policy Application to Travelers in December 2013.  Based on the Policy Application, I evaluated the risk of insuring the Firm and issued a quote.

9.    I understand that the Firm and others have admitted that, beginning in February 2013, a Firm principal, Allison Scollar ("Scollar") improperly removed funds from the Firm's client trust account (the "Trust Account").

10.    When I reviewed the Policy Application, I was not aware of any misuse and/or improper removal of client funds from the Trust Account.

2

11.     The Policy Application does not reference any misuse and/or improper removal of client funds from the Trust Account.

12.     As part of my evaluation of the risk of insuring the Firm and issuing the quote, I reviewed Question 27 of the Policy Application.

13.     The Firm responded "No" to Question 27 of the Policy Application.

14.     If the Firm had answered "yes" in response to Question 27 of the Policy Application, I would have required the Firm to provide additional information about the Firm's knowledge of any incidents, acts, errors, or omissions that the Firm believed could be the basis of a claim under the proposed professional liability policy.

15.     If the Firm had disclosed, in applying for the Policy, misuse and/or improper removal of client funds from the Trust Account, I would have asked for information related to the circumstances surrounding the misuse and/or improper removal of client funds from the Firm's Account.

16.     Incidents of misuse of client funds in an escrow or client trust account for an attorney's own benefit are the types of incidents and acts Travelers expects applicants to disclose in response to Question 27 of the Policy's Application.

17.     If the Firm had disclosed, in response to Question 27 of the Policy Application, that Scollar had improperly removed client funds from the Trust Account, I would not have quoted the Policy and Travelers would have declined to issue a lawyers professional liability insurance policy to the Firm.

18.     In evaluating the risk involved in issuing professional liability insurance to an attorney or law firm, it is important to know of any incidents, acts, errors, or omissions that could potentially increase the risk of claims. Incidents of misuse or improper removal of client funds

3

18.    In evaluating the risk involved in issuing professional liability insurance to an attorney or law firm, it is important to know of any incidents, acts, errors, or omissions that could potentially increase the risk of claims.  Incidents of misuse or improper removal of client funds in an escrow or client trust account, for an attorney's own benefit, are incidents and acts that Travelers' underwriters consider in evaluating risk.  They are incidents and acts that can increase the risk of claims against an attorney or law firm and can increase the hazard of risk to an insurer.

19.    Based on my personal knowledge and experience underwriting professional liability insurance policies and my review of the facts and information of this case, it is inconceivable that Travelers would, unless required by applicable law or regulations, issue coverage to a prospective insured law firm who has acknowledged involvement in ongoing dishonest conduct regarding client funds.

20.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed this 7th day of April, 2017.


_____
BETH A. CASTELLANI

2001227


4

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on April 10, 2017, I electronically filed this Declaration of Beth A. Castellani with the Clerk of the Court for the United States District Court for the Southern District of New York using the CM/ECF system, which will send notification of such filings to all counsel of record.


       /s/ *Christopher J. Bannon*